# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>EVER SALGUERO-RECINOS,<br>　　　　Defendant. | Case No. 18-cr-0052 BLF (NC)<br>**DETENTION ORDER**<br>Hearing: May 31, 2019 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on May 31 held a hearing to review pretrial release conditions for defendant Salguero-Recinos. The defendant is charged in this case with illegal reentry following deportation under 8 U.S.C. § 1326. He pleaded guilty to the charge on April 30, 2019, and awaits sentencing. The defendant has been on pretrial release since September 12, 2018, on a $10,000 signature bond co-signed by two sisters and his niece. He was subject to electronic location monitoring, among other conditions.

The defendant appeared at the hearing with his counsel, AFPD Robert Carlin, and was assisted by a certified Spanish-language interpreter.

First, the Court admonished the defendant for an unauthorized leave of 12 minutes reported on May 25 by Pretrial Services.

Second, the Court considered the request of all three co-signers on the defendant's bond to be relieved of their duties. The Court granted the requests. Pretrial Officer Granados conferred with the co-signers during the hearing. They were present in Court, but declined the opportunity to address the Court directly.

Finally, the Court considered the consequences of all three co-signers withdrawing. Under 18 U.S.C. §3143(a), the Court shall order a defendant detained who has been found guilty of an offense and is awaiting sentencing, unless the Court finds by "clear and convincing evidence" that the person is not likely to flee or pose a danger to the safety of any other person or the community. Here, in the absence of co-signers, the Court finds that there is not clear and convincing evidence that the defendant is not likely to flee. Consequently, the Court orders the defendant to be detained.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: June 4, 2019

Nathanael M. Cousins
United States Magistrate Judge